NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LISA SALVATO,** *on behalf of herself and other persons similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**STEVEN HARRIS,** *in his official capacity as Administrator of the State of New Jersey*,<br><br>Defendant. | Civil Action No. 21-12706 (ZNQ) (DEA)<br><br>**OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion for Reconsideration under Fed. R. Civ. P 59(e) filed by Plaintiff Lisa Salvato ("Plaintiff"). ("Moving Br.," ECF No. 47.) Defendant Steven Harris, in his official capacity as the Administrator of the Unclaimed Property Administration of the State of New Jersey ("Defendant"), filed an Opposition Letter, ("Opp'n Br.," ECF No. 49), and Plaintiff filed a Reply ("Reply Br.," ECF No. 50.)

    The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the following reasons, Plaintiff's Motion will be DENIED.

**I.**    **BACKGROUND AND PROCEDURAL HISTORTY**

    The parties are familiar with the factual background of this matter. Accordingly, the Court will limit its recital to the relevant history.[1]

---

[1] For a full recitation of the factual background the Court refers the parties to its April 26, 2022 Opinion. *See Salvato v. Harris*, Civ. No. 21-12706, 2022 WL 1224962 (D.N.J. April 26, 2022). (ECF No. 24.)

On April 26, 2022, the Court granted in part and denied in part Defendant's Motion to Dismiss the Complaint as follows: "Plaintiff's claim for violation of the Takings Clause of the Fifth Amendment under 42 U.S.C. § 1983 is dismissed without prejudice because the Complaint fails to allege exhaustion of the UPA's claim" and "Defendant's motion to dismiss Plaintiff's claim for violation of her Fourteenth Amendment due process rights under 42 U.S.C. § 1983 is denied." *Salvato*, 2022 WL 1224962 at *12.

Specifically, in denying Plaintiff's takings claim, the Court stated that "[t]he Fifth Amendment bars not just the taking of property, but the taking of property without just compensation, [and] a plaintiff cannot claim a violation of the Just Compensation Clause until he or she has exhausted a state's procedure for seeking just compensation." *Id.* at *11 (citing *Cnty. Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 168 (3d Cir. 2006)). The Court reasoned that, "[i]n reviewing whether an as-applied Fifth Amendment just compensation takings claim is ripe, such [as] the case here, the Supreme Court requires that: (1) a final decision must be reached regarding the property ('finality prong'); and (2) the plaintiff must have exhausted state just compensation procedures ('exhaustion prong')." *Id.* (citing *Williamson Cnty Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985). Accordingly, the Court found that because the "UPA provides a clear mechanism for Plaintiff to receive just compensation for the property purportedly escheated," *Id.* at *11, and Plaintiff's "[c]omplaint includes no allegations regarding the UPA claim process," *Id.* at *12, Plaintiff "cannot show a denial of just compensation, and therefore, her taking claim is not ripe for federal adjudication. Failure to meet the exhaustion prong precludes the finality prong of the Takings Clause." *Id.*

On June 10, 2022, Plaintiff filed an Amended Complaint ("FAC"). (ECF No. 31.) The FAC, *inter alia*, added Christine Kydd as a plaintiff. On July 8, 2022, Defendant filed a Motion

2

to Strike the FAC for exceeding the limited authority the Court granted Plaintiff in filing an amended complaint.[2] (ECF No. 34.) On October 25, 2022, the Court granted in part and denied in part Defendant's Motion to Strike as follows: (1) Defendant's Motion is denied to the extent that it seeks to strike the FAC in its entirety, (2) Christina Kydd is removed as a plaintiff in this matter and any allegations related to Christina Kydd are stricken, (3) paragraphs 40 and 41 of the FAC are stricken, and (4) Plaintiff is granted leave to file a Motion for Reconsideration. (ECF No. 46.)

Accordingly, Plaintiff filed the instant Motion for Reconsideration seeking reconsideration of the decision on the Motion to Dismiss on November 4, 2022. (ECF No. 47.).

This case was thereafter transferred to the undersigned on January 12, 2023 for consideration of the instant Motion. (ECF No. 53.)

## II.     LEGAL STANDARD

A motion for reconsideration is appropriate based on "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017). "Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order." *Edison C. F. v. Decker*, Civ No. 20-15455, 2021 WL 1997386, at *4 (D.N.J. May 19, 2021) (*citing Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). The Third Circuit has recognized that a motion for

---

[2] On April 26, 2022, the Court granted Plaintiff "leave to amend her Complaint within 30 days of the Order accompanying this Opinion, so long as she can allege that she has exhausted all state just compensation procedures under the UPA," *Salvato*, 2022 WL 1224962 at *12, and on June 10, 2022, Plaintiff filled the FAC.

reconsideration should be used only to correct manifest errors of law or to present newly discovered evidence. *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011).

## III. DISCUSSION

The Court agrees with the parties insofar as the Court erred in relying on *Williamson County* in granting Defendant's first motion to dismiss. Indeed, there is no legal requirement that Plaintiff must exhaust Defendant's administrative claim process, as the Court held in its prior opinion. *See Pakdel v. City of San Francisco*, 141 S. Ct. 2226 (2021); *see also Knick v. Township of Scott*, 139 S. Ct. 2162 (2019).

Plaintiff's Motion focuses on the Court's legal error. (Moving Br. at 8–11.) The inquiry on a reconsideration motion, however, does not stop there. The issue that remains is whether the prior legal error will alter the disposition of this matter. *See U.S. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Only where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion, will it entertain such a motion.")

Defendant argues in opposition that the Motion fails to address what effect the Court's correction of its reliance on *Williamson County* would have upon the Court's ripeness analysis. (Opp'n Br. at 2.) Defendant contends that while the Supreme Court in *Knick* has eliminated the exhaustion prong, *Knick* does not relieve Plaintiff of the requirement to plead facts demonstrating the Defendant arrived at a "definitive position on the issue that inflicts an actual, concrete injury." (*Id*. at 4.) Defendant indicates that he is willing to return to Plaintiff the $2.40 (plus interest) the UPA is holding in its custody for her benefit. (*Id*. at 5.) Defendant requests that if reconsideration is granted, any relief be tailored and preserved for Defendant's ability to challenge the ripeness of claims described in the First Amended Complaint. (*Id*.)

4

In reply, Plaintiff argues that Defendant ascribes too much weight to the finality prong. (Reply Br. at 6.)  Plaintiff asserts that finality does not require compliance with all administrative procedures for seeking relief.  (*Id*. at 7.)  Plaintiff contends that all she is required to show is that there is no question about how the regulations at issue apply to the particular land in question.  (*Id*.)

Under Article III of the United States Constitution, federal courts have subject-matter jurisdiction only over matters involving "cases" or "controversies."  U.S. Const. art. III, § 2.  "Courts enforce the case-or-controversy requirement through several justiciability doctrines that 'cluster about Article III,'" including the doctrines of ripeness and mootness.  *Toll Bros., Inc. v. Township of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).  If a court determines that it lacks subject-matter jurisdiction over a matter, the matter must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).

"The ripeness doctrine serves to 'determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'"  *Khodara Env't, Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004) (quoting *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003)).  For a Takings Clause claim to be ripe, a plaintiff must show that the state reached a final decision regarding the plaintiff's property.  *Pakdel*, 141 S. Ct. at 2231 (declaring the finality requirement to be "relatively modest," but still requiring that the government have adopted a final position for claim to be ripe).

Here, Plaintiff's argument in reply improperly conflates the finality and exhaustion prongs.  Plaintiff argues that "finality does not require compliance with all administrative procedures for seeking relief.  (Reply Br. at 6–7.)  "'[T]he finality requirement, however, is concerned with

5

whether the *initial decisionmaker* has arrived at a definitive position on the issue that inflicts an actual, concrete injury.'" *Rachlin v. Baumann*, Civ. No. 21-15343, 2022 WL 4239790, at *10 (D.N.J. Feb. 22, 2022) (quoting *Williamson Cnty*, 473 U.S. at 193) (emphasis in original).[3]  In contrast, "the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate." *Id*. (quoting *Williamson Cnty*, 473 U.S. at 193).

Here, the First Amended Complaint ("FAC", ECF No. 3) alleges that Plaintiff purchased 200 shares of Boston Life Sciences stock on or about December 28, 2001, jointly with her mother. (FAC ¶ 15.)  After her mother passed away, Plaintiff processed the paperwork to transfer the stock solely into her name. (*Id*.)  Plaintiff alleges that she learned "that the stock was 'escheated' to the Administrator's office in 2010 without any notice to Plaintiff." (*Id*.)  Plaintiff claims that on or about September 27, 2019, she received a phone call from Defendant's office explaining that they were in possession of the escheated stock. (*Id*. ¶ 16.)  The FAC however, lacks any allegation that Defendant "'arrived at a definitive position on the issue [as to the escheated property] to inflict an actual, concrete injury.'" *Rachlin*, 2022 WL 4239790, at *10 (quoting *Williamson Cnty*, 473 U.S. at 193).  Accordingly, the FAC fails to plead facts to support a ripe Fifth Amendment Takings Clause claim.  Plaintiff has therefore failed to demonstrate that the correction of the Court's legal error would have "alter[ed] the disposition of this matter." *See Compaction Sys. Corp*., 33 F. Supp. 2d at 345; *see also Pittson Co. v. Sedgwick James of New York, Inc*., 971 F. Supp. 915, 918–19 (D.N.J. 1997).  Reconsideration is therefore inappropriate.

---

[3] The Supreme Court in *Knick* overruled *Williamson County*'s exhaustion requirement but left the finality rule intact. *See* 129 S. Ct. at 2169.

## IV.     CONCLUSION

For the foregoing reasons, the Court will DENY Plaintiff's Motion for Reconsideration. An appropriate Order will follow.


**Date: July 13, 2023**

                                         s/ Zahid N. Quraishi
                                         **ZAHID N. QURAISHI**
                                         **UNITED STATES DISTRICT JUDGE**