**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LISA SALVATO,** *on behalf of herself and other persons similarly situated,*<br><br>  Plaintiff,<br><br>v.<br><br>**STEVEN HARRIS,** *in his official capacity as Administrator of the State of New Jersey,*<br><br>  Defendant. | Civil Action No. 21-12706 (ZNQ) (JTQ)<br><br>**OPINION** |

**QURAISHI, District Judge**

      This matter comes before the Court upon the Motion to Strike Plaintiff's Second Amended Class Action Complaint ("SAC") without Leave to Amend (the "Motion," ECF No. 89) filed by Defendant Steven Harris ("Defendant") in his official capacity as Administrator of the State of New Jersey. In support of the Motion, Defendant filed a brief. ("Moving Br.," ECF No. 89-1.) Plaintiff Lisa Salvato ("Plaintiff") filed an opposition ("Opp'n Br.," ECF No. 92), to which Defendant replied ("Reply," ECF No. 93). After careful consideration of the parties' submissions, the Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] For the reasons outlined below, the Court will GRANT Defendant's Motion to Strike; the Court will STRIKE Count I of the SAC and DISMISS Count II of the SAC, without leave to amend.

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**

The parties are familiar with the factual and procedural background of this matter. Accordingly, the Court will limit its recital to the relevant history.[2]

As early as December 2001, Plaintiff owned shares of Boston Life Sciences, Inc. ("BLSI") stock. (Prior Op. at 2.) In June 2007, BLSI changed its name to Alseres Pharmaceuticals, Inc. ("ALSE"), entitling stockholders to receive ALSE stock upon tender of their BLSI stock certificates. (*Id.*) Plaintiff did not tender her BLSI stock certificate, resulting in escheat of her stock to the New Jersey Unclaimed Property Administration ("UPA") in 2010 pursuant to the New Jersey Uniform Disposition of Unclaimed Property Act (the "Act"). (*Id.* at 2–3.) The UPA subsequently sold Plaintiff's unclaimed ALSE stock for a total of $2.40, which it held for Plaintiff's benefit. (*Id.* at 3.) Plaintiff submitted a claim inquiry form to the UPA about her stocks in August 2015. (*Id.*) In response, the UPA erroneously informed her that it did not have any of her property in its possession. (*Id.*) However, the UPA later acknowledged that it had indeed received and sold Plaintiff's stock, and opened a new claim on Plaintiff's behalf. (*Id.*) To this day, Plaintiff has not followed through with the UPA's claim process or provided the UPA with her current address. (*Id.*; *see generally* SAC.)

Instead, Plaintiff filed this class action lawsuit against the Defendant in June 2021, alleging violations of her constitutional rights under the Due Process clause of the Fourteenth Amendment and the Takings Clause of the Fifth Amendment. In addressing various motions, the Court has thrice concluded that Plaintiff's Takings Clause claim is not ripe for adjudication because it lacks

---

[2] For a full recitation of the factual and procedural background, the Court refers the parties to its December 18, 2023 opinion. ("Prior Opinion," ECF No. 84.) Given that Defendant has raised a factual attack on this Court's jurisdiction by relying on "competing facts," the Court weighs and considers evidence outside the pleadings, with no presumptive truthfulness attaching to Plaintiff's allegations. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). Moreover, as discussed *infra*, the new facts in the SAC exceed the scope of the leave to amend granted to Plaintiff as laid out in the Court's Prior Opinion, as the new facts attempt to raise general facial challenges to the constitutionality of the Act, rather than allege facts articulating Plaintiff's particular situation. (SAC ¶¶ 38–39; Prior Op. at 15 n.17.)

2

finality. (Prior Op. at 10; *see also* ECF Nos. 24, 60.) Most recently, the Court granted summary judgment for Defendant on Plaintiff's Due Process claim and dismissed Plaintiff's Takings Clause claim for lack of ripeness, but without prejudice so as to give Plaintiff an opportunity to plead facts that would cure the ripeness issue. (Prior Op. at 8–10, 15.) Currently before the Court is a Motion to Strike the SAC, which Defendant filed on February 23, 2024. (ECF No. 89.) The Court construes the portion of the Motion that seeks relief as to the SAC's Fifth Amendment Takings Claim as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and will analyze the Motion accordingly.[3]

## II.  JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the claims alleged in the SAC.

## III.  LEGAL STANDARD

### A.  Rule 12(b)(1)

Under Article III of the United States Constitution, federal courts have subject matter jurisdiction only over matters involving "cases" or "controversies." U.S. Const. art. III, § 2. "Courts enforce the case-or-controversy requirement through several justiciability doctrines that 'cluster about Article III,'" including the doctrines of ripeness and mootness. *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984) (rev'd on other grounds)) (internal quotation marks omitted). "The ripeness doctrine serves to 'determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements

---

[3] The thrust of Defendant's argument is that Plaintiff has yet again failed to allege facts sufficient to plead that her Taking Clause claim is ripe—the sole purpose for which the Court previously granted Plaintiff leave to amend her complaint. (*See* Moving Br. at 2 ("Nothing in these [new] paragraphs demonstrates a ripe Takings Clause claim . . . Because the district court has found Plaintiff's Takings Clause claim to be unripe on at least three separate occasions, Plaintiff should not be granted further leave to amend."); Reply Br. at 2 ("Unless Salvato's claim is ripe, this court lacks subject matter jurisdiction to hear it.").)

of the doctrine.'" *Khodara Env't, Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004) (quoting *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003)).

If a court determines that it lacks subject matter jurisdiction over a matter, the matter must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true," while a factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise present[ing] competing facts." *Id.* (internal quotation marks omitted). When a defendant raises a factual challenge to jurisdiction, a district court can weigh and consider evidence outside the pleadings, with no presumptive truthfulness attaching to the plaintiff's allegations, and the plaintiff bears the burden of establishing jurisdiction. *Id.*; *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176–78 (3d Cir. 2000).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348–49 (citing cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987)). "[W]hen a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 (3d Cir. 1977)).

4

## IV.   DISCUSSION

As an initial matter, the Court notes that Plaintiff inappropriately re-asserts her Due Process claim in the SAC. (*See* SAC ¶¶ 48–53.) This is improper because a final judgment on the merits was already reached with respect to that claim insofar as the Court previously granted summary judgment in favor of Defendant for Count I of the First Amended Complaint ("FAC"). (Prior Op. at 11–15.) The Court will therefore strike Count I of the SAC. *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973) ("[T]he law is clear that summary judgment is a final judgment on the merits.")

Plaintiff's remaining allegations in the SAC, which purportedly support her Takings Clause claim (Count II), must also be dismissed because the Court finds that the SAC does not adequately plead a ripe Takings Clause claim. There is no legal requirement that a plaintiff alleging a Fifth Amendment Takings Clause violation must exhaust the defendant's administrative claim process. *See Pakdel v. City & Cnty of San Francisco*, 141 S. Ct. 2226, 2228 (2021); *see also Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2167 (2019). Nonetheless, "a federal court should not consider the claim before the government has reached a 'final' decision." *Pakdel*, 141 S. Ct. at 2228. In other words, for a Takings Clause claim to be ripe, a plaintiff must show that the state reached a final decision regarding the plaintiff's property. *Id.* at 2231 (declaring the finality requirement to be "relatively modest," but still requiring that the government have adopted a final position for claim to be ripe). The finality requirement "is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury." *Rachlin v. Baumann*, Civ. No. 21-15343, 2022 WL 4239790, at *10 (D.N.J. Feb. 22, 2022) (emphasis and internal quotation marks omitted).

In its Prior Opinion, the Court found that Plaintiff's Takings Clause claim was unripe because, based on the facts as pled in the FAC, there had been no final determination by the UPA

with respect to Plaintiff's property claim. (Prior Op. at 10.) The Court warned that this same ripeness deficiency was identified in earlier Court opinions, but generously gave Plaintiff leave to amend her complaint to add facts which would show that she indeed finished pursuing her claim with the UPA in order to satisfy the finality requirement. (*Id.*) However, rather than introduce any new facts to cure Plaintiff's ripeness issue, the SAC perpetuates it. At this point in time, there are still no allegations in the SAC which point to finality of Plaintiff's property claim with the UPA. (*See generally* SAC.) The Court rejects Plaintiff's argument that her claim is now ripe simply because she filed an initial claim with the UPA nine years ago. (Opp'n Br. at 10.) Although Plaintiff did file a claim with the UPA when she first learned that her stock had escheated, and the UPA initially provided an erroneous response that it did not hold any of her property, Plaintiff has failed to pursue the new claim that the UPA opened for her since correcting its error (or to follow up on her old claim, for that matter). (Prior Op. at 3; *see generally* SAC.) In fact, the UPA to this day holds $2.40 for Plaintiff's benefit, which Plaintiff does not claim to have pursued. (Prior Op. at 3; *see generally* SAC.) Finality is therefore lacking, and Plaintiff's new allegations in the SAC are wholly insufficient to show otherwise.[4] (*See* SAC ¶¶ 38–39.) Moreover, the Court finds that any further amendment to Plaintiff's Takings Clause claim, as it has faced the same ripeness issue four times now but has not rectified it, would be futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (defining futility); (*see* Prior Op. at 11–15; *see also* ECF No. 24 at 4, ECF No. 60 at 6.) The Court must therefore dismiss Count II of the SAC without prejudice

---

[4] The new, substantive allegations in Plaintiff's SAC are located in paragraphs 38 and 39, which raise several general challenges to the constitutionality of the Act, rather than focusing on Plaintiff's specific situation. (*See* SAC ¶¶ 38–39.) Specifically, paragraph 38 discusses the inability of "any citizen like Plaintiff" to reclaim their property from Defendant, "[w]hether valued at $100 or below or $485,000.00," and challenges the UPA's general lack of record-keeping for property valued below $100. (*Id.* ¶ 38.) Paragraph 39 lays out several "additional reasons" that the UPA's "unnoticed property seizure program is unconstitutional." (*Id.* ¶ 39.) If not for the Court's dismissal due to lack of subject matter jurisdiction, the Court would have stricken these paragraphs of the SAC anyway because they violate the Court's Prior Opinion, which expressly prohibited Plaintiff from raising new facial challenges to the Act in the SAC without first seeking leave from the Magistrate Judge. (Prior Op. at 15 n.17.)

for lack of subject matter jurisdiction, but without leave to amend. *Northlight Harbor, LLC v. United States*, 561 F. Supp. 2d 517, 530 (D.N.J. 2008) (dismissing complaint for lack of jurisdiction and denying further amendment due to futility).

## V. CONCLUSION

For the reasons outlined above, Defendant's Motion to Strike will be GRANTED. The Court will STRIKE Count I of the SAC and DISMISS Count II of the SAC without prejudice, but without leave to amend. An appropriate Order will follow.

Date: August 12, 2024

_____
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE